**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: ____________________
State Court Case No.: 2026-010792-CA-01

ADRIEL VEGA,

Plaintiff,

v.

FREEDOM LIFE INSURANCE
COMPANY OF AMERICA,

Defendant.
_______________________________/

**FREEDOM LIFE INSURANCE COMPANY OF AMERICA'S**
**NOTICE OF REMOVAL**

Defendant, Freedom Life Insurance Co. of America ("Freedom Life"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the state court action described below.

## I. Background and Plaintiff's Allegations

1. This action was filed on May 28, 2026 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as *Adriel Vega v. Freedom Life Ins. Co. of Am.*, No. 2026-10792-CA-01 (Fla. 11th Jud. Cir.) (the "State Court Action"). *See* Complaint attached as **Exhibit 1**.

2. Freedom Life was served with a copy of the Complaint and Summons in the State Court Action on or about June 3, 2026. (**Exhibit 2**.)

3. This case is properly removable due to diversity of citizenship between Plaintiff, a Florida citizen, and Freedom Life, which is incorporated in and has its principal place of business in Texas.

4. This Notice of Removal is being timely filed as Freedom Life was served with the Complaint on June 3, 2026.

5. District courts have original jurisdiction of this civil action as provided by 28 U.S.C. § 1332. Under § 1332, this Court has jurisdiction based upon complete diversity as follows:

a. Plaintiff is now, and was at the time of the filing of the Complaint, and at all times intervening, a Florida citizen. The Complaint alleges Vega "is a Florida individual who at all times material hereto has been located in Miami-Dade County, Florida." (Compl. ¶ 2.) The Complaint also alleges "the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County." (*Id.* ¶ 4.) Plaintiff's policy has a Miami, Florida address. (**Exhibit 3**.)

b. Freedom Life is now, and was at the time of the filing of the Complaint, and at all times intervening, a Texas corporation with its principal place of business in Texas. Freedom Life is therefore considered to be a citizen of Texas.

6. Between the amount of benefits, interest, and attorney fees, there is at least $75,000 in dispute between the parties. (**Exhibit 4** (Declaration of Nick Edwards).)

7. Pursuant to 28 U.S.C. § 1446(a), Freedom has attached: (a) a copy of the Complaint served upon it (Ex. 1) and (b) copies of each other paper docketed in the State Court Action as **Composite Exhibit 5**. (A copy of the docket for the State Court Action is attached as **Exhibit 6**.) A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a notice of the filing, a copy of which will be served upon all parties.

## II. MEMORANDUM OF LAW

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b). Removal is proper here because the parties are diverse and the amount in controversy exceeds $75,000.00.

### A. The Amount in Controversy Exceeds $75,000.

Here, the Complaint did not affirmatively allege an amount in controversy exceeding $75,000, instead asserting only that the amount in controversy exceeded $50,000. *See* Compl. ¶ 1. "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Based on its review of the Plaintiff's medical bills received and maintained in the ordinary course of business, Plaintiff's claim for attorney fees (Compl. ¶ 13[1] and *ad damnum*), the statutory interest implicated,[2] and the civil cover sheet (**Exhibit 7**; Plaintiff selected "over $100,000.00"), the amount in controversy does, indeed, exceed $75,000. (Ex. 7.)

---

[1] Freedom Life acknowledges the statutory citation may be a typographical error (i.e., 624.428 should be 627.428), but notes Plaintiff doubles down on its fee request in the *ad damnum* clause. Because Plaintiff is the master of its complaint, Plaintiff bears the burden of identifying a valid statutory basis for the fees it seeks. For purposes of the amount-in-controversy analysis, however, Plaintiff's affirmative fee demand is itself sufficient. *See Cohen v. Office Depot*, 204 F.3d 1069, 1079 (11th Cir. 2000).

[2] Although interest is presumptively excluded from the amount-in-controversy calculation under 28 U.S.C. § 1332(a), the Supreme Court in *Brown v. Webster*, 156 U.S. 328, 330 (1895), recognized that interest comprising "an essential ingredient in the one principal claim" is part of the principal demand for jurisdictional purposes. Freedom Life respectfully submits that prompt-pay interest is properly considered under that exception. Prompt pay interest is fixed by Mississippi statute, Miss. Code Ann. § 83-9-5, that creates the substantive duty itself, accrues automatically

Freedom Life's business records reflect that the health claims at issue were for billed charges in excess of $118,000. (Ex. 4.) It is unclear at this stage the amount Plaintiff is seeking, the full billed charges or coverage of the claims after network adjustments; accordingly, the declaration filed in support of this removal also contains an attached analysis of the billed charges, network adjustments, and denied amounts.

Although Freedom Life disputes Plaintiff's entitlement to any attorney fee award (or any benefit for that matter), Freedom Life must show only that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). To meet that burden, a removing party can provide "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations . . . . [A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. In meeting this burden, the removing party may present "affidavits, declarations, or other documentation." *Id.* at 755.

As to the claimed fees, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. Accordingly, when considering either the billed charges or the balance after

---

on a statutorily-defined date (when the claim "should have been paid, denied, or contested"), and is liquidated rather than discretionary. *See also Lott & Friedland, P.A. v. Creative Compounds, LLC*, 2010 WL 2044889, at *2 (S.D. Fla. April 21, 2010) (Hoeveler, J.) ("Interest that is an 'integral part of the aggregate amount of damages claimed or is itself a principal obligation' counts toward the $75,000 threshold but interest that is merely incidental or accessory to the principal amount demanded does not.") In any event, the principal and reasonable attorney fees alone exceed $75,000.

network adjustments, interest at the applicable statutory rate, and attorneys' fees, Section 1332's amount-in-controversy requirement is satisfied, and this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

**B. There is Complete Diversity Between the Parties.**

To determine the citizenship of a corporation for the purpose of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business of a corporation is its nerve center, which has been defined as "the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 91–94 (2010) (establishing the "nerve center" test as a uniform approach for determining corporate citizenship). For Freedom Life, that is Texas.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *See McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "a person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *See Sunseri v. Macro Cellular*, 412 F. 3d 1247, 1249 (11th Cir. 2005). Here, there is complete diversity of citizenship as Plaintiff is a citizen of Florida, and Freedom Life is a citizen of Texas. Therefore, this Notice of Removal is properly based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## III. <u>CONCLUSION</u>

There is complete diversity of citizenship and the matter in controversy exceeds $75,000. Freedom Life prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve

the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: July 2, 2026.

Respectfully submitted,

**AKERMAN LLP**

/s/ *Irene Bassel Frick*

**Irene Bassel Frick, Esq.**
Florida Bar No.: 0158739
Primary E-mail: irene.basselfrick@akerman.com
Secondary E-mail: nicole.emmett@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333

**Scott E. Allbright, Jr.**
Florida Bar No.: 102958
Primary E-mail: scott.allbright@akerman.com
Secondary E-mail: debra.atkinson@akerman.com
**AKERMAN LLP**
Three Brickell City Centre, Suite 1100
98 SE Seventh Street Miami, Florida 33131
Telephone: (305) 374-5600

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF and served on all persons listed on the Service List below via electronic mail on the 2nd day of July, 2026.

/s/ *Irene Bassel Frick*
**Irene Bassel Frick, Esq.**
Florida Bar No.: 0158739

**SERVICE LIST**

Hoss Hernandez, Esquire
Hoss Hernandez P.A.
3250 NW 7th Street
Miami, Florida 33125
Email: hosshernandezpa@gmail.com

*Counsel for Plaintiff*